UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>              Plaintiff,<br>v.<br><br>A. MUNOZ, *et al.*,<br><br>              Defendants. | Civil No. 10cv0277 JAH(NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE ATTORNEY GENERAL TO PROVIDE FORWARDING ADDRESS; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANT CONTRERAS PURSUANT TO FED.R.CIV.P. 4(m)** |

      On February 3, 2010, Rodney Brooks ("plaintiff'), a state prisoner currently incarcerated at the California Correctional Institution in Tehachapi, California, and proceeding *pro se*, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 3, 2010, this Court found that the claims in plaintiff's complaint were sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service ("USMS") to effect service on plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3). *See* Doc # 5.

      The Clerk of Court issued a summons and prepared an "IFP package," including certified copies of plaintiff's complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each defendant named in the complaint, and a copy of the Court's Order granting

plaintiff leave to proceed IFP. *See* Puett v. Blandford, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of summons and complaint."); 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(a), (c)(3).

Service upon defendants Steele, Reid, Munoz, Talbert, Cobb, Edrozo, and Morris was executed by the USMS and waivers of personal service were filed on their behalf. Docs. # 8-14. However, the summons was returned unexecuted as to defendant E. Conteras. Doc. # 7. According to the USMS, they were informed by the litigation coordinator at Richard J. Donovan Correctional Facility ("RJDCF") that this defendant was not employed at the facility. *See* id.

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett, 912 F.2d at 275), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and

1  complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.
2  Walker, 14 F.3d at 1421-22; *see also* Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.
3  1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such
4  service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate
5  defendant and attempt to remedy any apparent defects of which [he] has knowledge").
6  Here, because paintiff has not yet been able to ascertain the proper location where
7  defendant E. Contreras may now be served, he must remedy the situation or face dismissal
8  of his claims against him. *See* Walker, 14 F.3d at 1421-22 (holding prisoner failed to show
9  cause why prison official should not be dismissed under Rule 4(m) where prisoner failed
10 to show he had provided Marshal with sufficient information to effectuate service).
11 Thus, as long as defendant E. Conteras' forwarding address can be easily ascertained by
12 reference to the RJDFC's personnel records, plaintiff is entitled to rely on the U.S. Marshal
13 to effect service upon this defendant on his behalf. *See* Puett, 912 F.2d at 275. The Court
14 hereby directs the Deputy Attorney General assigned to this case to contact the Litigation
15 Coordinator at RJDFC or the RJDFC's Legal Affairs Division, if necessary, and provide a
16 current address for defendant E. Contreras within the RJDFC's records or possession, and
17 to forward that address to the USMS in a confidential memorandum.

18  Accordingly,  IT IS HEREBY ORDERED that:

19  1.  Plaintiff's motion for enlargement of time  to effect service on defendant E.
20      Contreras and request for order directing the U.S. Marshal to effect service
21      of summons on defendant Contreras [doc. # 17] is **GRANTED**;
22  2.  The Deputy Attorney General assigned to this case shall provide the
23      forwarding address for defendants E. Contreras to the U.S. Marshal in a
24      *confidential memorandum* indicating that the summons and complaint is to be
25      delivered to that address on or before **July 1, 2010**;
26  3.  Within thirty (30) days of receipt of any available address from the Attorney
27      General, the U.S. Marshal shall serve a copy of plaintiff's complaint and
28      summons upon defendant E. Contreras.  All costs of service shall be

advanced by the United States pursuant to the Court's March 1, 2010 order granting plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3); and

4. The Clerk of the Court shall provide a copy of: (1) the Court's March 1, 2010 order [doc. #5]; (2) this Order; (3) the complaint, summons and a blank U.S. Marshal Form 285 to the Attorney General for purposes of re-attempting service as to defendant E. Conteras

DATED: June 21, 2010

*/s/ John A. Houston*
JOHN A. HOUSTON
United States District Judge