# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>        Plaintiff,<br>v.<br><br>A. MUNOZ, et al.<br><br>        Defendants. | Civil No. 10cv277 JAH (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>**[Dkt. No. 121]** |

Plaintiff Rodney Brooks is a California prisoner proceeding *pro se* and *in forma pauperis*. On August 20, 2012, Brooks filed a motion to exclude the "expert testimony" of defendants Munoz and Endrozo. [Dkt. No. 67.] The court granted that motion and excluded Munoz and Endrozo from testifying as experts because their testimony would be cumulative of the other designated expert, Special Agent Epperson, and because their testimony as experts would be prejudicial. [Dkt. No. 80.] The court did not exclude Munoz and Endrozo from testifying as lay witnesses. *Id.*

Over a year later, Defendants, in their expert disclosure dated December 5, 2013, incorrrectly re-designated Munoz and Endrozo as expert witnesses. They also designated defendants Hernandez, Cobb, Morris, Reid, Talbert, Steele and Contreras to testify as experts. They say they did this inadvertently, and now withdraw the expert designations of all Defendants. Opp'n, p.2 [Dkt. No. 123]. The court notes that those Defendants may testify as percipient witnesses on their own behalf.

1  Also in the December 5, 2013 re-designation, Defendants designated Special Agent Steve Epperson, who they named as an expert in their original designation, and whose designation this court approved.  But Defendants also designated four non-party employees of the California Department of Corrections and Rehabilitation (CDCR) as "percipient witnesses who were involved in the process of Plaintiff's prison-gang validation...[and who] should be allowed to provide expert testimony as to the policies and procedures they and Defendants relied upon in acting as they did during Plaintiff's gang-validation procedures."  Opp'n, p.2.  All four proposed expert witnesses "will testify as to the CDCR's gang validation procedures, whether those procedures were properly applied and followed by Defendants in this case . . . , how they were applied, and whether the evidence used to validate Plaintiff was reliable and sufficient to do so."  Opp'n, p.4.

As this court already explained in its November 9, 2012 order, a court may exclude cumulative expert testimony. *United States v. Alisal Water Corp.*, 431 F.3d 643, 659-660 (9th Cir. 2005).  Here, Epperson, the prison gang expert assigned to R.J. Donovan Correctional Facility, will testify as to gang validation proceedings at both the institutional and review levels, including Plaintiff's gang validation proceedings and the operations of the Mexican Mafia.  Opp'n, p.3; Dkt. No. 72, p.4.  The proposed testimony of the four non-parties Contreras, Rosenkrans, Marquez, and Harrison appears cumulative of Epperson's testimony.  Defendants do not cite to any distinct policies or procedures that any of these non-parties will testify to or how their testimony will otherwise differ from Eppard's and from each other's testimony. *See Engman v. City of Ontario*, No. 10-284, 2011 WL 2463178, at *13-14 (C.D. Cal. June 20, 2011) (determining two expert's testimony is cumulative if there is a significant overlap). Therefore, the court finds that the proposed testimony of the proposed "non-party experts" significantly overlaps with Epperson's testimony, and therefore, is cumulative.

Further, the non-parties are, according to Defendants, percipient witnesses in this case. Again, as the court already explained in its November 9, 2012 order:

> A witness's dual role of being a lay witness and expert witness creates concerns such as "unmerited credibility" for lay testimony, an increased danger of conveying the witness's sweeping conclusions, and difficulty for some jurors to determine the line between lay testimony and expert testimony. *U.S. v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). [Non-parties Contreras, Rosenkrans, Marquez, and Harrison] intend to explain to the jury their actions in Plaintiff's gang validation proceedings. In doing so, it appears that [Contreras, Rosenkrans, Marquez, and Harrison] are likely to provide conclusions that justify their actions. It is also possible that [Contreras, Rosenkrans, Marquez, and Harrison] will receive "unmerited credibility" on their factual story due to their capacity as experts. This Court, therefore, finds that allowing [Contreras, Rosenkrans, Marquez, and Harrison] to testify as experts is prejudicial.

Dkt. No. 80 p.4.

The court **GRANTS** Plaintiff's Motion to Strike.

**IT IS SO ORDERED.**

DATED: February 24, 2014

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court